**Robert Townsend, Pro Per**
P.O. Box 3330
Dana Point. CA 92629
Phone: 949-495-0089
Fax: 949-495-0580

Defendant and Plaintiff In Pro Per

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SACV08-372 AG (ANx)

---

**Robert Townsend,**
 Complainant,

Vs.

**Bank of America N.A,.**Asset Management
Professionals, LLC, First National Collection
Bureau, Inc, Gerald E. Moore & Associates,
P.C., does 1-10

Defendants.

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

**1. BREACH OF CONTRACT**
**2. BREACH OF IMPLIED**
**COVENANT OF GOOD FAITH**
**AND FAIR DEALING**
**3. FRAUD**
**4. UNFAIR BUSINESS**
**PRACTICES**
**5. RICO VIOLATIONS**

### FIRST CAUSE OF ACTION

#### Breach of Contract

#### Against

#### ALL DEFENDANTS

1. DEFENDANTS are individuals and businesses that do substantial business within the jurisdiction of this court.

2.DEFENDANTS Bank of America Bank, N.A.is a bank organized and existing under the laws of

LA/632899v1

the State of California, headquartered in San Francisco, California with an authorized agent for service in California. DEFENDANTS ASSET MANAGEMENT PROFESSIONALS, LLC, FIRST NATIONAL COLLECTION BUREAU, INC, are collection agencies GERALD E. MOORE & ASSOCIATES, P.C. are collection attorneys licensed in the State of Georgia, collecting debts within the State of California.

3.    Plaintiff is presently unaware of the true names and capacities, whether individual, associate, corporate, or otherwise of Defendants Does 1 though 10, or any of them, and therefore sues such DEFENDANTS by such fictitious names.

4.  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of such fictitiously named DEFENDANTS when the same have been ascertained.

5.    Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the acts, omissions, and events alleged herein, and has proximately caused damages and injury to Plaintiff as herein alleged.

6. On or about the 24 months past and prior based on a written solicitation by Defendants to PLAINTIFF, PLAINTIFF and DEFENDANTS entered into a contract in writing providing in part for the issuance of a credit card (hereinafter "card.") to PLAINTIFF (hereinafter called "the contract." Said card was in fact issued to Cross Complainant.

7.    PLAINTIFF is informed and believes that the original of said contract, including writings used to entice PLAINTIFF to enter into said contract, are in the exclusive possession and control of   DEFENDANTS.

8. In effect, said contract provided both directly and by implication that DEFENDANTS would extend credit to PLAINTIFF through his use of said card and would if applicable, charge fees, penalties and interest (hereinafter collectively called "fees"), all of which would be in compliance of both California and Federal laws.

9. On or about the 24 months, DEFENDANTS issued to PLAINTIFF said card and thereafter

PLAINTIFF used said card to purchase goods and services.

10.  Plaintiff is informed and believes and thereon alleges, since the inception of said contract, PLAINTIFF has committed breaches thereof in the manner hereinafter alleged but which PLAINTIFF was not aware of until on or about June 2006.  Said breaches including but were not limited to:

a. The application of usurious interest rates in violation of both California and Federal laws against PLAINTIFF.

b. Charging PLAINTIFF fees and other charges that were both unjustified by the contract or if they were specified, they were unconscionable.

c. Charged PLAINTIFF the said fees and penalties without good or legal cause and in part based on unverified negative information regarding the payment and credit history of PLAINTIFF supplied by other persons and/or entities including but not limited to Does 11 through 25.

d. Continued to charge PLAINTIFF said fees even after they had ascertained that certain negative information was incorrect, and thereafter until this date have failed, refused and neglected to reverse the charges, fees and penalties imposed against PLAINTIFF.

e. Despite repeated demands, DEFENDANTS have failed, refused and neglected to supply PLAINTIFF with documentation supporting either their reasons for charging PLAINTIFF fees, penalties, interest and method of calculation used by it in computing the amounts alleged to be due it from PLAINTIFF as allowed by Federal law including but not limited to Regulation Z, TILA.

11. In addition to the foregoing, Defendants wrongly reported to others that Plaintiff was delinquent in certain amounts and PLAINTIFF had defaulted on certain payments, despite the fact DEFENDANTS knew that said payments and the charges thereon were in dispute and as such should not have shown or been reported as delinquent so long as said dispute remained unresolved.

LA/632899v1

12. The contract is vague, ambiguous, and intentionally deceptively designed to obfuscate and confuse Plaintiff and any other cardholders similarly situated and is intentionally designed to be unintelligible to the least sophisticated members of the general public.

13.  Plaintiff has at all times performed all terms of the purported agreement or has been excused there-from by reason of the conduct of DEFENDANTS.

14. Such acts and omissions alleged above were done fraudulently, maliciously, and oppressively and with wanton disregard to the rights of PLAINTIFF.

15. As a direct and proximate result of as herein alleged, Plaintiff was injured as delineated herein below all to his damages in an amount to be proven at trial.

16. In doing the acts herein alleged, defendant acted with oppression, fraud, and malice, and PLAINTIFF seeks punitive damages in the sum to be determined at trial.

17.  PLAINTIFF has suffered direct personal damages, monetary and others, due to the conduct of DEFENDANTS as alleged herein.

## SECOND CAUSE OF ACTION
### Breach of the Implied Covenant of Good Faith and Fair Dealing and Slander of Credit
### AGAINST ALL  DEFENDANTS

18.  Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint, and makes said paragraphs a part of this Second Cause of Action, as though fully set forth verbatim at this point.

19. DEFENDANTS have reported Plaintiff delinquent on the alleged contractual obligations, and have knowingly reported incorrect derogatory information about PLAINTIFF to at least three national credit-reporting agencies and as a result thereof have caused Plaintiff's credit to be damaged.

LA/632899v1

1
2  20. The written contract used by DEFENDANTS in its dealings with PLAINTIFF intentionally
3  does not provide for sufficient notice prior to a change in the terms and conditions yet implies
   that such disclosure and proper notice will be provided, nor are available alternative options
4  provided should the debtor choose not to agree with the change in terms and conditions other
5  than closure of the account and immediate repayment of the alleged amount then due. To fail
6  to comply results in adverse credit reporting to all three (3) major credit-reporting agencies.
7
8  21. DEFENDANTS Credit Product Agreement, used to induce PLAINTIFF to obtain the credit
   card on which the claims of DEFENDANTS are based, intentionally fails to provide simplified
9  terminology for interest and fees vs. finance charges and other charges as well as the prime
10 rate, nor does it disclose the floors and ceilings of the potential cumulative effect once all such
11 interest and fees vs. finance charges and other charges are calculated.
12
13 22. The DEFENDANTS contract intentionally fails to fully disclose in simple, straight forward
   language and examples of the highest consumer interest that might be charged as well as
14 statutory requirements, which include balance computation method, double cycle billing
15 computation or moved payment allocation disclosure which are designed solely to make the
16 debtor payments arrive late so additional late and over the limit as well as other fees can be
17 charged against cardholders;
18
                            **THIRD CAUSE OF ACTION**
19
                            **Fraud and Deceit**
20
                            **Against All Defendants**
21
22 23. Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint, and makes
23 said paragraphs a part of this, the Third Cause of Action, as though fully set forth verbatim
   herein.
24
25 24.   Within the past two years and continuous through this date, Defendants falsely and
26 fraudulently represented to Plaintiff that they would provide a credit product with terms and
   conditions that had been fully disclosed in clear, clear to the least sophisticated and in
27 understandable language.
28

25. When DEFENDANTS made the above representations they knew them to be false. As opposed to their of representation of a quality product as set out above, Defendants and each of them intentionally failed to provide a credit product with terms and conditions that had been fully disclosed in language that is clear to the least sophisticated consumer. DEFENDANTS did in fact, conspired among them not to provide understandable language to Plaintiff and other persons they solicited to get credit cards. All of these actions and omissions were in furtherance of a common plan, scheme and design to obtain from PLAINTIFF money not rightfully due.

26. At the time PLAINTIFF entered into the contract with DEFENDANTS, he believed the representations stated above by DEFENDANTS to be true. Had he known the true facts, he would not have acted in the matter he did in applying for said credit card and entering into the contract with DEFENDANTS.

27. The True facts were that the contract was complex, indecipherable, incomprehensible and unintelligible to the least sophisticated among us, filled with legalese, unexplained meanings, references, cross references, undisclosed penalties, service charges, late fees, universal default provisions, methods of calculation and application, subsequent interest on interest after the initial period of one billing cycle if any portion thereof remained unpaid, and other items.

28. These representations were made by DEFENDANTS with the sole intent to defraud and deceive Plaintiff and others similar situated by lulling them into a sense of safety from financial adversity and injury to induce Plaintiff to act in the manner herein alleged, i.e.: obtain and use the credit card issued by DEFENDANTS

.

29. At the time Defendants made the promises to Plaintiff Defendants had no intention of performing any of the promises in good faith, but did intend to ensnare the Plaintiff into entering into said contract and using said credit card.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FOURTH CAUSE OF ACTION
### Unfair business practice/unfair competition
### Against all defendants

30. Complaint hereby incorporates by reference all prior paragraphs of this Complaint, and makes said paragraphs a part of this, the Fourth Cause of Action, as though fully set forth verbatim at this point.

31. Beginning at an exact date unknown to PLAINTIFF but at least since 2000 and several years prior plaintiff has committed acts of unfair competition, as defined in Business and Professions Code §17200 by engaging in the following business practices:

a. POSTING CUT-OFFS which means that because of the delay by the United States postal services or within the system of   DEFENDANTS, payments received would be held for a period of time and not posted to the credit of PLAINTIFF and others thus causing PLAINTIFF and others to suffer additional interest, penalties and charges.

The cut off times are unconscionable and predatory because payments to a customer account are, without good cause, simply held within the credit card office until the following day or over the weekend, without a receipt date and time stamp and not timely credited allowing the DEFENDANTS to charge a late fee although the check in payment is immediately processed electronically upon receipt.

b. UNIVERSAL DEFAULT CLAUSES: The imposing of additional fees, additional interest and other penalties if PLAINTIFF and other card holders are alleged to be late on payments due to any other alleged creditor of PLAINTIFF or other card holders. This clause imposes a strict liability on PLAINTIFF and other cardholders without regard to if the facts of the alleged default to another alleged creditor are valid and/or if PLAINTIFF and other cardholders have a valid defense to the said charges of the other creditor.

i. DEFENDANTS intentionally fails, refuses and neglects to make even the most cursory inquiry into a charge that PLAINTIFF and other card holders are delinquent on debts to

other creditors but rather imposes said additional fees, charges and penalties immediately thus putting PLAINTIFF and other card holders to the task of establishing their "innocence" of the charge of being late to another creditor.

        ii.   Defendants' practices violate not only the implied covenant of good faith and fair dealing in the mentioned contract, but laws of usury within this state, and, consequently constitute an unlawful business act or practice within the meaning of Business and Professions Code §17200.

       c. "PENALTY" INTEREST RATES: Penalty interest rates (meaning double or triple the regular rate or MORE) are triggered when the debtor is reported late on one or more monthly payments to anyone for any reason, without regard to any dispute that there may be between the debtor and the other creditor. This action creates a presumption that the alleged debtor is in the wrong and this is for the sole purpose of allowing DEFENDANTS to collect additional penalties and charges.

32.  PLAINTIFF is informed and believes that as to all penalties and charges assessed against him for any cause, the amount of such penalties and charges are so disproportionate to the actual cost of DEFENDANTS that they may be considered unconscionable.

33. The aforementioned conduct of DEFENDANTS threatens an incipient violation of a consumer law, including but not limited to Federal Regulation Z (TILA) and both California and Federal consumer protection laws, or violates the spirit of such law or otherwise significantly threatens or harms PLAINTIFF and all other consumers.

34. The conduct of DEFENDANTS is likely to mislead other members of the general public and, consequently, constitutes a fraudulent business act or practice within the meaning of Business and Professions Code §17200.

35.  PLAINTIFF has no adequate remedy at law to stop DEFENDANTS from engaging in the aforementioned practices other than seeking relief through and an order of this court against DEFENDANTS.

Townsend v Bank of America, et al Federal Complaint

LA/632899v1

36. DEFENDANTS designated as Does knew and were aware of the unlawful, unfair, or deceptive business practices deceptive business practices and untrue, misleading and confusing advertisements alleged above by virtue of their connection with DEFENDANTS.

37. Said Doe defendants did aid, abet and induce each other to commit the above-described acts by helping prepare advertisements to ensnare PLAINTIFF and others; and causing the said advertisements to be sent to PLAINTIFF and others.

## FIFTH CAUSE OF ACTION
### Violations of the Racketeering and Corrupt Organizations Act
### 18 U.S.C. 1961, et seq.
### Against All Defendants

38. Cross Plaintiff hereby incorporates by reference all prior paragraphs of this Complaint, and makes said paragraphs a part of this, the Fifth Cause of Action, as though fully set forth herein.

39. During the 24 months past and prior DEFENDANTS and each of them, knowingly and willfully conspired and agreed among themselves to accomplish those wrongs as specifically asserted above and Plaintiff incorporates by reference all prior paragraphs of this complaint, and makes said paragraphs a part of this, the Fifth cause of action, as though fully set forth herein.

40. Plaintiff is a "Person" within the meaning of 18 USC §§ 1961 (3) and 1964(c).

41. Bank of America Bank, N. A. and its Officers, Agents, Attorney's and employees are a "person" within the 18 USC §§ 1961 (3) and 1962 (c).

42. Bank of America Bank, N. A. and its Officers, Agents, Attorney's and employees throughout the world including, but not limited to, the Banks officers to be named as individuals as well as the Law firm and the Collection agencies in this COMPLAINT were a group of persons associated together in fact for a common purpose of carrying out the plan, schemes, scheme and activities described in this complaint as set out above and hereinafter.

43. Bank of America Bank, N. A. and its Officers, Agents, Attorney's and employees throughout the world including, but not limited to, the Banks officers to be named as individuals as well as the Law firm and the Collection agencies in this COMPLAINT constitute an association-in-fact enterprise within the meaning of 18 USC §§ 1961 (4) and 1962 (c). During all relevant times, these enterprises were engaged in, and their activities affected by, interstate and foreign commerce and the pattern and conduct has been and is continuing. .

44. The course of conduct complained of herein, including but not limited to those specifically set out in Paragraph #31 and it's sub-parts were part of a continuing enterprise, plan, scheme and design to defraud not only PLAINTIFF but all persons who have obtained credit cards from DEFENDANTS by reason of the improper, false and misleading enticements as alleged in this complaint.

45. Unless restrained by this court, PLAINTIFF believes DEFENDANTS will continue its pattern of misleading enticements as alleged herein and the conduct set out in paragraph #31 above.

46. As alleged above, PLAINTIFF has been and continues to be injured in his business, property and daily affairs by reason of the conduct of   DEFENDANTS.

47. In carrying out their activities, DEFENDANTS used services of the U.S. Postal Service and other interstate means of communication.

48. In violation of 18 USC § 1962 (c), Defendants and each of them conducted and or/participated in the conduct of the enterprises' affairs, directly or indirectly, through a continuous pattern of Racketeering activity in the operation adverse to the Plaintiff and others similarly situated. Bank of America violated the RICO by declaring the Plaintiff in default; refusing to provide the repeatedly requested detailed itemized accounting of the purported debt and knowingly reporting adverse and inaccurate information to all three national credit bureaus all in effort to coerce, demean and humiliate this Plaintiff and others similarly situated as a matter of standard operating procedure to wrongly collect on doubtful and disputed purported monies owed.

49. All of the above actions were done in the course and scope of the plan, scheme and design

to obtain money from PLAINTIFF and other persons who had a credit card (s) with PLAINTIFF.

50. The DEFENDANTS affirmatively concealed RICO activity by creating false monthly invoices and refusing to divulge the complete calculation methodology of how monthly payment monies had been applied to interest and principal, including but not limited to the rounding extension of the extended percentile of the APR and it's monthly equivalents in favor of the DEFENDANTS thereby reaping huge additional profits to which they are not entitled, all to the financial detriment of this Plaintiff and others similarly situated.

51. Bank of America continually violated FCRA/TILA/UCBA/FDCPA/FRB/FACTA, inter alia, taking various other steps to hide the adverse economic impact on Plaintiff and others similarly situated. DEFENDANTS and each of them participated among themselves to do business with Plaintiff under false pretenses by causing Plaintiff to take loan proceeds and repay loans without a complete and full understanding of the true nature of the transactions by manipulating various activities to extract unwarranted and excessive interest, penalties and other fees from Plaintiff and others similarly situated, unjustly enriching themselves and their shareholders.

52. The pattern of racketeering activity additionally consisted of DEFENDANTS and each of them aiding and abetting the commission of countless daily/monthly/annual acts of mail and/or wire transmissions in violation of 18 USC §§ 2, 1341 and 1343. Specifically, Defendants and each of them engaged in a scheme or artifice to defraud Plaintiff and others similarly situated or to obtain money and property from Plaintiff by means of false and/or fraudulent pretenses, representations and/or promises within the defective product agreement as set out above; that DEFENDANTS and each of them were not acting and would continue to avoid acting at all times in strict compliance with all laws and regulations.

53. To execute this scheme or artifice, Defendants and each of them transmitted and/or caused to be transmitted by means of wire communication and mail in interstate commerce or foreign commerce, writings, signs, symbols, signals, pictures, false and misleading monthly invoices, statements and also caused the following matters and things to be placed in the US post office or authorized depository, or deposited or caused to be deposited the above matters or things to be sent or delivered by private or commercial interstate carrier (the mailings).

LA/632899v1

54. The Monthly statements were and continue to be intentionally manipulated to show balances and minimum payments due that reflected interest and penalties that would extract the maximum monies from Plaintiff and others similarly situated (by means of undisclosed nuanced terms and conditions of the agreement) with little or no significant reduction in the principal amount then due.

55. Said statements reflected payment allocation regardless of the amount of the payment to the lowest interest rate, thereby enhancing the carry forward interest and penalty; a specifically designed scheme or artifice to defraud and to push Plaintiff and others similarly situated into an ever deepening spiral of alleged debt creating for all practical purposes indentured servants.

56. Plaintiff in reliance on such false invoices made timely payments substantially more than minimally required all with all or most of which was inexplicably absorbed by subsequently assessment of usurious interest and heretofore undisclosed, ever increasing fees and additional penalties all to the emotional and pecuniary detriment of Plaintiff and others similarly situated.

57. The above acts of mail and wire transmissions constituted a pattern of racketeering activity as defined in 18 USC § 1961 (5). Each act of mail or wire transmission was executed by the same participants, by the same method (misrepresentations that the transactions were ordinary and in strict compliance with all applicable State and Federal laws and regulations) as well as represented the true debt (this was false) owed by Plaintiff not in real truth reflecting the true debt of the Plaintiff so the extraordinary true interest and penalties being heaped upon Plaintiff and others similarly situated and had the same purpose and was undisclosed.

58. As a direct and proximate cause of Defendants' acts of mail and wire transmissions and the conduct afore alleged, inter alia and it's violations of 18 USC § 1962 (c), Plaintiff has been injured in it's business or property within the meaning of 18 USC § 1964 (c), in that Plaintiff and others similarly situated have paid DEFENDANTS principal and substantial interest and claimed penalties due on the defective credit product loans, inter alia and Plaintiff has suffered consequential damages from the improper acts of DEFENDANTS and each of them.

59. DEFENDANTS and each of them willfully conspired and agreed among themselves to vex Cross Complainants and others similarly situated by making false and fraudulent claims to

-12-

LA/632899v1

wrongly enhance cost of collection by "churning" the purported debt among themselves using different named "shell" or cross owned entities to mask the RICO activity, each time, enhancing the cost of the collection effort all to Plaintiffs' financial, physical and domestic determent, to coerce Plaintiff to pay monies not owed nor verified and validated.

60. DEFENDANTS sole purpose in bringing two separate actions against PLAINTIFF was to extort funds not due and owing, intimidate, frustrate, overwhelm, distract and hold the Complaint out to further public embarrassment and ridicule, inter alia.

61. DEFENDANTS and each of them agreed and conspired among themselves to pursue the same criminal activity as has been used many times previously to achieve the same objectives as hereto before outlined herein above and should be held liable for a RICO violation.

62. DEFENDANTS and each of them did the acts and things herein alleged pursuant to, and furtherance of, a common purpose, in a continuous, often used structured format and the conspiracy and above-alleged agreement to this Plaintiff others similarly situated to their business, personal property, emotional injury, inter alia and pecuniary detriment.

63. DEFENDANTS and each of them did the alleged acts and things herein alleged, in a consistent pattern indicative that Defendants and each of them, it's executives, attorneys and employees using oppressive and protracted litigation to threaten, intimidate, coerce, belittle, humiliate, castigate and defame the reputations and associated family members of those that do not willingly acquiesce to such improper tactics hiding behind a shield of legitimacy to misuse the courts and their processes as a ultimate weapon in it's collection efforts for money not due and owing.

64. DEFENDANTS and each of them furthered the conspiracy by cooperation with or lent aid and encouragement to or ratified and adopted the predicate acts of DEFENDANTS and each of them wrongly imposing the fees and actions as alleged in all articles stated hereinabove.

65.   Plaintiff is informed and believes and thereon alleges that in pursuance of the above-described conspiracy and RICO activity, they have continuously obfuscated, using legalese, incomprehensible,    unintelligible    language,    undisclosed    mathematical    equations    for

1    computations, hidden interest and penalty contract traps as to preclude Plaintiff from discovery

2    of the continued Organized Racketeering and Corrupt activities of the DEFENDANTS and each

3    them until Plaintiff sought a complete accounting as to the alleged debt and true amount owed.

4    66. DEFENDANTS and each of them concealed critical information regarding the purported debt

5    by engaging in misleading, deceptive and otherwise contrived action or scheme. In the course

6    of knowingly committing these wrongs their activity is designed to mask the existence of a

7    cause of a RICO action.

8    67. Plaintiff is informed and believes and thereon alleges that the last overt act in pursuance of

9    the above-described conspiracy and RICO activity of Plaintiff was on or about March 5, 2008 on

10    which date DEFENDANTS and each of them overtly acted in pursuance of the conspiracy, e.g.,

11    refusing    to    comply    with    State    and    Federal    Statutes    regarding

12    FDCPA/FCRA/OPLAINTIFF/TILA/FTCA/FACTA and the UCBA inter alia.

13    WHEREFORE, plaintiff prays judgment against DEFENDANTS and each of them as to all causes

14    of actions as follows:

15

16    1. General Damages of as proven at trial;

17

18    2. Punitive and exemplary damages as allowed by law and set at trial;

19    3. Pursuant to B& DEFENDANTS 17200, et seq, and pursuant to the equitable powers of this

20    court, that DEFENDANTS be preliminarily and permanently enjoined from the acts of unfair

21    competition and untrue and misleading advertising as alleged herein;

22    4. Civil and other penalties as provided by law;

23

24    5. All costs of suit; and

25

26    6. Such other relief as is just and proper.

27

28

**(Date)**                                **(Robert Townsend, Pro Per)**

Townsend v Bank of America, et al Federal Complaint

LA/632899v1

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☑) | DEFENDANTS |
|---|---|
| Robert Townsend, Complainant, | Bank of America N.A,.Asset Management Professionals, LLC, First National Collection Bureau, Inc, Gerald E. Moore & Associates, P.C., does 1-10 |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Robert Townsend, Pro Per<br>P.O. Box 3330<br>Dana Point. CA 92629<br>Phone: 949-495-0089/ Fax 949-495-0580 | N/K |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No  ☐ MONEY DEMANDED IN COMPLAINT: $ Subject to Proof at Trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
1. BREACH OF CONTRACT 2. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING 4. UNFAIR BUSINESS PRACTICES 5. RICO VIOLATIONS

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☑ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: SACV08-00372 AG (ANx)

CV-71 (07/05)        **CIVIL COVER SHEET**        Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑No  ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☑ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Orange Ca, Georgia, Nevada

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☑ Check here if the U.S. government, its agencies or employees is a named defendant.
Orange Ca, Georgia, Nevada

**List the California County**, or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
Orange Ca, Georgia, Nevada

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date _____ April 7, 2008

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV08- 372 AG (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

Robert Townsend, Pro Per
P.O. Box 3330
Dana Point. CA 92629
Phone: 949-495-0089
Fax: 949-495-0580

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Townsend,<br>Complainant,<br><br>PLAINTIFF(S)<br><br>v.<br><br>Bank of America N.A,.Asset Management<br>Professionals, LLC, First National Collection Bureau,<br>Inc, Gerald E. Moore & Associates, P.C., does 1-10<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV08-00372 AG (ANx)**<br><br><br>SUMMONS |

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within ___20___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Robert Townsend, Pro Per _____, whose address is  P.O. Box 3330 Dana Point. CA 926_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:    APR - 7 2008 _____

By:    ROLLS ROYCE PASCHAL _____
            Deputy Clerk

            *(Seal of the Court)*    1144

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*