

Robert Townsend, Pro Per
P.O. Box 3330
Dana Point, CA 92629
Phone: 949-495-0089
Fax: 949-495-0580

Plaintiff In Pro Per

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| Robert Townsend,<br>    Plaintiff,<br><br>vs.<br><br>Bank of America N.A., Asset Management Professionals, LLC, (See List), First National Collection Bureau, Inc., (See List), Gerald E. Moore & Associates, P.C., (See List), Asset Management Professionals (See List) (Doe 1) Worldwide Asset Purchasing, LLC (Does 5), FREDERICDK J. HANNA & ASSOCIATES, P.C., (Doe 6) (See List) (Does 7-10).<br><br>    Defendants. | SACV08-0372 AG (ANx)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **Violations of Cal. Civil Code § 1788 et seq.**<br>2. **Violations of 15 U.S. C § 1692 et seq.**<br>3. **Defamation/Credit Slander**<br>4. **Fraudulent Misrepresentation**<br>5. **Negligent Misrepresentation**<br>6. **Violations of 18 U.S. C. § 1961 et seq.**<br>7. **Unfair Competition-Cal B & P Code § 1961 et seq.**<br>8. **FRAUD**<br>9. **Intentional Infliction of Emotional Distress**<br>10. **Breach of Contract**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff ROBERT TOWNSEND and alleges causes of action against Defendants, and each of them, as follows:

### PARTIES

1.    Plaintiff, an individual, at all times relevant herein, was a resident of

1  Defendants, and each of them, as follows:

2  **PARTIES**

3  1.    Plaintiff, an individual, at all times relevant herein, was a resident of

4  Orange County, California.

5  2.    Plaintiff is informed and believes, and thereon alleges, that Bank of

6  America (hereinafter BOA was/is a Corporation, organized and existing under the laws of the

7  State of California and doing business in California, including in Orange County.

8  3.    Defendant GERALD E. MOORE & ASSOCIATES a Professional

9  Corporation, (hereinafter GMA) is a State of Georgia Professional Law Corporation with a

10  principle place of business in Atlanta, GA and is doing Business in California and Orange

11  County.

12  4.    Defendant Gerald E. Moore, Esq., and other related Defendants listed are

13  individuals who, at all times relevant herein, were employed in or conducting business in behalf

14  of himself in California and Orange County

15  5.    Defendant WEST ASSET MANAGEMENT, Inc (hereinafter referred to

16  as WAM) is a State of Georgia Corporation and other related Defendants listed are individuals

17  who, at all times relevant herein, were employed in or conducting business in behalf of WAM in

18  California and Orange County

19  6.    Defendant WORLWIDE ASSET PURCHASING 11, LLC, and other

20  related Defendants listed are individuals who, (hereinafter referred to as WAP) is a State of

21  Georgia Corporation at all times relevant herein, were employed in or conducting business in

22  behalf of WAP in California and Orange County.

23  7.    Defendant FREDERICK J. HANNA & ASSOCIATES, P.C. (hereinafter

24  referred to as HANNA) and other related Defendants listed are individuals who, at all times

25  relevant herein, were employed in or conducting business in behalf of HANNA in California and

26  Orange County.

27  8.    Defendant ASSET MANAGEMENT PROFESSIONALS, LLC.

28  (hereinafter referred to as AMP) and other related Defendants listed are individuals who, at all

1  times relevant herein, were employed in or conducting business in behalf of AMP in California

2  and Orange County.

3       9.    Defendant FIRST NATIONAL COLLECTION BUREAU, INC.

4  (hereinafter referred to as FACB) is a State of Nevada Corporation and other related Defendants

5  listed are individuals who, at all times relevant herein, were employed in or conducting business

6  in behalf of FACB in California and Orange County.

7       10.   In doing the things alleged in this Complaint, each of the Defendants was

8  the employee, agent, and/or alter ego of their Co-Defendants. As agents and employees, they

9  acted within the course and scope of such employment and agency. The conduct of each of the

10  Defendants and their agents and employees was authorized, and/or directed and/or was

11  subsequently ratified by each of their Co-Defendants.

12                **JURISDICTION, VENUE AND DEMAND FOR JURY TRIAL**

13       11.   This Court has jurisdiction of the federal claims asserted pursuant to 28

14  U.S. C. §1331. The Court has supplemental jurisdiction of the state law claims asserted pursuant

15  to 28 U.S. C. §1367(a). Venue is proper in this district pursuant to 28 U.S. C. §1391 because the

16  Defendants or some of them were conducting business in this district and many of the events

17  occurred in this district. Furthermore, Plaintiff resides in this district. Pursuant to Rule 38(b) of

18  the Federal Rules of Civil Procedures, Plaintiff thereby demands a jury trial on any and all issues

19  triable by a jury.

20                          **STATEMENT OF FACTS**

21       12.   In 2006, Plaintiff's personal finances were in disarray. He was not behind

22  in his installment payment obligations (in fact he had consistently paid better than agreed and

23  more than required as claimed by the Defendants) and contacted his creditor regarding the

24  amount claimed due, penalties, interest and other fees charged to Plaintiff as a result of the use of

25  the credit card issued by BOA. A dispute ensued between Plaintiff and BOA as to the true

26  amount of the then existing amount claimed due and owing by BOA. BOA and their designated

27  employees, agents or assignees instituted subsequently aggressive collection activities against

28  Plaintiff.

13.     During that time, Plaintiff was deluged in letters from Defendant BOA, GMA WAM, WAP AMP, FNCB, INC. HANNA, CAPITAL MANAGEMENT SERVICES, LP, and related named Defendants that stated that it had been retained by Defendant BOA to collect a debt allegedly owed by Plaintiff or in the alternative they had purchased the alleged debt from BOA, each showing a different amount due and owing from Plaintiff. In particular, the debt purportedly was for delinquent accounts with Defendant BOA which were in dispute. The purported amount claimed to be due and owing on the account with principal with accrued interest, handling and collection charges varied wildly depending on whom the Plaintiff believed to be the real representative or assignee of BOA from a low of $9374.87 to a high of more than $16684.96 by March 5, 2008.

14.     Plaintiff contacted in writing BOA, GMA,WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and related named Defendants to dispute this purported debt. Plaintiff asserted in his letters to each that he did not owe the amount claimed due and owing by BOA, that a legitimate dispute existed so there could be no delinquent amount owed, nor had the Plaintiff defaulted on his obligations to BOA. The letters were either ignored or, when a response was received, it was incomplete and provided no useful information nor were the responses compliant with various state and federal laws as is more fully explained herein below.

## FIRST CAUSE OF ACTION

(Violations of California's Fair Debt Collection practices Act, Civil Code Section 1788 et seq., Against All Defendants)

15.     Plaintiff refers to and incorporates by such reference the allegations asserted in Paragraphs 1 through 14, inclusive, as though fully set forth herein

16.     BOA is a "creditor" as that term is used in Civil Code Section 1788.2(i). Furthermore, GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and related named Defendants are companies engaged in the business of collecting consumer debt and regularly collect consumer debts. Accordingly, these Defendants, and each of them, are "debt collectors" as defined in Civil Code Section 1788.2(c).

17.     Plaintiff is informed and believes, BOA, GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and related named Defendants are and have been, throughout the relevant period of this Complaint, an employee and agent or assignee of BOA, and GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and related named Defendants , and each of them.

18.     Defendants have engaged in acts and practices in violation of California's Fair Debt Collection Practices Act, Civil Code Section 1788 et seq., in collection activities with respect to an alleged personal debt of Plaintiff, including, but not limited to the following:

(a)     Defendants, and each of them, made false, deceptive, and misleading representations about Plaintiff, among themselves, and to others involving Plaintiff, including:

(i)     misrepresenting that Plaintiff had become delinquent and had defaulted in payment of his accounts with BOA,

(ii)     misrepresenting that Plaintiff owed a debt, the amount of the debt, and the delinquency of the debt; and

(iii)     falsely representing the character, amount, and legal status of the purported debt.

(b)     Defendants BOA, GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and related named Defendants made deceptive and misleading statements in their written communications with Plaintiff in representing that they commence and maintain collection activity on a purported debt owed by Plaintiff to BOA but failed to explain how GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and related named Defendants had legal capacity to attempt to collect the purported unlawful debt. Each failed to provide the demanded documentation.

(c)    Defendants BOA, GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and related named Defendants made false, deceptive, and misleading representations in the assignment of the Plaintiff's purported debt to GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and related named Defendants that Plaintiff had opened a credit account and was delinquent on his repayment obligations, refused and continues to refuse to contact the credit bureaus of this nation to retract the false representations

(d)    Plaintiff is informed and believes, and thereon alleges, that Defendant GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP made false, deceptive, and misleading representations that it was authorized to collect unlawful debts and lawfully to conduct business for such purpose in California.

(e)    Defendants BOA, GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP engaged in unfair, unlawful, and unconscionable means to attempt to collect an unlawful debt purportedly owed by Plaintiff, including:

    (i)    attempting a collection activity knowing they did not have the means of proving the debt but falsely claiming they could;

    (ii)    attempting a collection activity based on false and baseless allegations that any debt was owed, knowing there was no valid documentation to justify allegations of delinquency, default or to report the Plaintiff purported debt as written

FIRST AMENDED COMPLAINT FOR DAMAGES
SACV08-00372 AG (ANx)

off as a "bad debt."

    (iii)    making a demand for attorney's fees and other collection charges on the false representation that Plaintiff had agreed to such terms for the use of the purported credit that had been fully and conspicuously disclosed;

    (iv)    failing to communicate that the debt was disputed and falsely implying that Plaintiff conceded the liability; and

    (v)    attempting to collect amounts not authorized by any agreement or permitted by law on the strength of false and misleading representations being made to the Plaintiff and others.

19. Defendants BOA, GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and related named Defendants are employees , agents or assignees of some or all of the other Co-Defendants so that they each are responsible for any acts of Defendants BOA, GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and related named individuals done in the course and scope of their employment and agency with them, including those acts which were unlawful in connection with the collection activities involving Plaintiff.

20. The conduct of Defendants, and each of them, in reporting a delinquency and then taking steps to collect the debt Plaintiff purportedly owed BOA had the natural consequence of harassing, oppressing, and abusing Plaintiff in an effort to coerce him into paying a debt he did not owe and which he specifically and repeatedly advised Defendants, and each of them, that he did not owe.

21. At the time Defendants, and each of them, made the false, deceptive, and misleading representations set out above they knew, or should have known, that the representations were untrue. The representations of Plaintiff's delinquency or default were made by Defendants nonetheless, and were not withdrawn or retracted even when the falsity of the representations has become known even to this date. Defendants and each of them thereby acted

1   recklessly, willfully, and intentionally with wanton disregard.

2        22.    As a proximate result of Defendants' actions, Plaintiff was caused to

3   suffer economic damages as well as other actual damages for worry, shame, humiliation, loss of

4   sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, anguish, and

5   fright.

6        23.    As a result of Defendants' violations of California Fair Debt Collection

7   Practices Act, Plaintiff is entitled to an award of actual damages, statutory damages up to an

8   amount of $1,000, and reasonable monetary damages and costs pursuant to Civil Code Section

9   1788.30

10       24.    By engaging in the acts as alleged above, Defendants, and each of them,

11  acted intentionally, maliciously, oppressively, fraudulently, despicably and in conscious

12  disregard of Plaintiff's rights, thereby justifying an award of punitive damages pursuant to Civil

13  Code Section 3294.    Furthermore, GMA WAM, WAP AMP, FNCB, INC, HANNA and

14  CAPITAL MANAGEMENT SERVICES, LP  and related named individuals in behalf of BOA

15  thereby also justifying an award of punitive damages pursuant to Civil Code Section 3294(b).

16                          **SECOND CAUSE OF ACTION**

17  (Violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq.,

18      BOA GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT

19                       SERVICES, LP  and related named individuals)

20       25.    Plaintiff refers to and incorporates by such reference the allegations

21  asserted in Paragraphs 1 through 24, inclusive, as though fully set forth herein

22       26.    Defendants BOA, GMA WAM, WAP AMP, FNCB, INC, HANNA and

23  CAPITAL MANAGEMENT SERVICES, LP  and related named individuals are companies

24  engaged in the business of collecting consumer debt and regularly collect consumer debts.

25  Accordingly, these Defendants, and each of them, are "debt collectors" as defined in 15 U.S. C.

26  Section 1692a(6).

27       27.    Plaintiff is informed and believes, and thereon alleges, that Defendants

28  BOA  GMA WAM, WAP AMP, FNCB, INC, HANNA and  CAPITAL MANAGEMENT

SERVICES, LP and related named individuals is and has been, throughout the relevant period of this Complaint, an employee and agent of BOA, and Defendants BOA GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and related named individuals, and each of them.

28.     The acts and practices in which Defendants have engaged violate the Federal Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq.

29.     Defendant BOA GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and related named individuals are employees and agents of some or all of the named Co-Defendants so that they each are responsible for any acts of the other, and used the mail and telephone lines to negotiate the retention of legal services in behalf of BOA to aggressively attempt to collect purported debt with GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and related named individuals were done in the course and scope of their employment and agency with them, including those acts which were unlawful in connection with the outrageous collection activities involving Plaintiff.

30.     The conduct of Defendants, and each of them, in attempting to collect the debt Plaintiff purportedly owed BOA had the natural consequence of harassing, oppressing, and abusing Plaintiff in an effort to coerce him into paying a debt he did not owe and which he specifically and repeatedly advised Defendants, and each of them, that he did not owe.

31.     At the time Defendants, and each of them, made the false, deceptive, and misleading representations set out above they knew, or should have known, that the representations were untrue. The representations of Plaintiff's delinquency or default were made by Defendants nonetheless, and were not withdrawn or retracted even when the falsity of the representations became known. Defendants thereby recklessly, willfully, and intentionally.

32.     As a proximate result of Defendants' actions, Plaintiff was caused to suffer economic damages as well as other actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, anguish and fright.

33. As a result of Defendants' violations of the Federal Fair Debt Collection Practices Act, Plaintiff is entitled to an award of actual damages, statutory damages up to an amount of $1,000.00 and reasonable monetary fees and costs pursuant to 15 U.S.C. Section 1692k.

## THIRD CAUSE OF ACTION

(Defamation BOA GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL
MANAGEMENT SERVICES, LP and related named individuals)

34. Plaintiff refers to and incorporates by such reference the allegations asserted in Paragraphs 1 through 33 as though fully set forth herein.

35. Beginning in or about 2006 Defendants, and each of them, stated to others, including communications among themselves and repeated to others, both verbally and in writing, that Plaintiff owed a debt to BOA and was delinquent in his repayment obligations. Defendants made these statements in the context of negotiating repeated collection efforts of the purported debt. The assignments generated profit for each of these Defendants who were able to attempt to collect the purported debt for a monetary advantage. The statements, made to induce the Defendants to collect the debt, were false because Plaintiff credit accounts with BOA and the credit extended to him as alleged by BOA, was never owed BOA on a credit account and Plaintiff never was delinquent in repayment obligations for any account or other obligation with BOA unless falsely manipulated to appear so by BOA for it's economic benefit.

36. The false statements uttered by Defendants as described above are defamation and are libelous on their face. They clearly expose Plaintiff to contempt, ridicule, and obloquy, because they identify Plaintiff as a person who is dishonest, irresponsible, disorganized, undisciplined, self-indulgent, not creditworthy, and a slacker. The statements were understood by those who heard or read them in a way that defamed Plaintiff, as the Defendants themselves engaged in the business of buying and assigning the debt among themselves in an effort to collect on it for their own economic benefit. Plaintiff did not know the full extent of the falsity of the statements until after January 2007.

37. As a proximate result of the above-described publication of these false,

FIRST AMENDED COMPLAINT FOR DAMAGES
SACV08-00372 AG (ANx)

1   deceptive, and misleading statements, Plaintiff has suffered the loss of his reputation, shame,

2   mortification, and hurt feelings, all to his general damage.  He also has been subjected to

3   unwarranted collection activities and missed important activities to meet with legal researchers

4   and to make Court appearances.

5          38.    The above-described publication of these false, deceptive, and misleading

6   statements was made with malice and oppression in that Plaintiff advised BOA the purported

7   debt was doubtful, disputed and continued efforts to enforce collection would cause egregious

8   personal injury to Plaintiff.  Furthermore, Plaintiff repeatedly advised the Defendants that he did

9   not owe BOA or anyone else for the alleged charges, but Defendants continued to publish the

10  statements nonetheless when they knew or should have known the statements were

11  fundamentally untrue.  Plaintiff therefore is entitled to an award of punitive damages pursuant to

12  Civil Code Section 3294.

13         39.    Furthermore, Defendants BOA  GMA WAM, WAP AMP, FNCB, INC,

14  HANNA and CAPITAL MANAGEMENT SERVICES, LP  and related named individuals were

15  done in the course and scope of his employment and agency with them, including those acts

16  which were unlawful in connection with the collection activities involving Plaintiff.  thereby also

17  justifying an award of punitive damages pursuant to Civil Code Section 3294(b).

18                         **FOURTH CAUSE OF ACTION**

19      (Fraudulent Misrepresentation Defendants BOA  GMA WAM, WAP AMP, FNCB, INC,

20                  HANNA and CAPITAL MANAGEMENT SERVICES, LP)

21         40.    Plaintiff refers to and incorporated by such reference the allegations

22  asserted in Paragraphs 1 through 39, as though fully set forth herein

23         41.    At various times from 2006 thru current date, GMA WAM, WAP AMP,

24  FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP  and related named

25  individuals advised Plaintiff that he owed BOA a sum that had become due and past due but

26  remained unpaid.

27         42.    On or about May 2007, and many, many times thereafter, Defendants

28  BOA  GMA WAM, WAP AMP, FNCB, INC, HANNA and  CAPITAL MANAGEMENT

1    SERVICES, LP advised Plaintiff by filing lawsuits against Plaintiff claiming that he owed a sum

2    of monies to BOA that was due and past due, that Plaintiff had defaulted and that it had a right to

3    collect on this debt by continued pursuit of the initiating state litigation referenced hereinabove.

4         43.    These representations, and all of them, were in fact false.  The true facts

5    are that Plaintiff never owed BOA or any of the other Defendants the sums as alleged, the

6    alleged debt was in fact being disputed and that BOA was well aware of the dispute and knew or

7    should have known no amounts were due or past due to BOA or any of the other Defendants.

8         44.    Plaintiff is informed and believes, and thereon alleges that when

9    Defendants made these representations, they knew them to be false.  Nevertheless, they made

10   these representations with the intention to deceive and defraud Plaintiff and to induce Plaintiff to

11   make payments to them in order to make them monies from the fraudulent dealings and

12   allegations of the amount of the debt alleged by BOA and other related Defendants, with

13   charges, fees, and usurious interest assessed against Plaintiff.  In so acting, Defendants and BOA

14   contrived to force Plaintiff to pay a sum he did not owe in response to their aggressive collection

15   activities.  Defendants made the representations knowing Plaintiff was unsophisticated and

16   financially unable to obtain counsel to advise him, thereby assuring greater opportunity that their

17   scheme against Plaintiff would succeed to their economic benefit.

18        45.    Plaintiff, at the time these representations were made by Defendants and

19   each of them, was ignorant of the falsity of Defendants' representations and believed them to be

20   somewhat true.  In reliance on the representations, Plaintiff was induced to and did forego the

21   opportunity to resist the collection activity of Defendants even until the filing of this action.  Had

22   Plaintiff known the actual facts, he would not have failed to take immediate action to protect

23   himself from these aggressive collection activities of Defendants.

24        46.    Plaintiff's reliance on the representations of Defendants was justified

25   because he was unsophisticated about credit matters, he was intimidated by the volume of

26   implied litigation threats brought by from representatives for BOA; he was convinced by the

27   adamancy, hostility of Defendants they had some possible contrived proof of the totality of the

28   purported debt.  Plaintiff did not know the representations made were in fact false about the

1  existence of the obligation as alleged and his responsibility for it for the purported debt.

2  47.    The amounts claimed due again seemed plausible considering the

3  incestuous practice of creditors to add charges and more charges regardless of the validity of the

4  initial charges to each others collection efforts as well as the seemingly independent collection

5  organizations that in realty secretly operated with common ownership (as here) and financed by

6  each other to collect the accounts in the name of the Plaintiff thereby allowing GMA WAM,

7  WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP to churn

8  the collection account of Plaintiff and others similarly situated, adding huge fees and collection

9  cost each and every time the account is transferred in house to the same collection organization,

10  but with the use of a different corporate name.

11  48.    As a proximate result of Defendants' actions, Plaintiff was caused to

12  suffer economic damages as well as other actual damages for worry, shame, humiliation, loss of

13  sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, anguish and

14  fright.

15  49.    By engaging in the acts as alleged above, Defendants, and each of them,

16  acted intentionally, maliciously, oppressively, fraudulently, despicably, and in conscious

17  disregard of Plaintiff's rights, thereby justifying an award of punitive damages pursuant to Civil

18  Code Section 3294.

19  ### FIFTH CAUSE OF ACTION

20  (NEGLIGENT MISREPRESENTATION BOA GMA WAM, WAP AMP, FNCB, INC,

21  HANNA and CAPITAL MANAGEMENT SERVICES, LP)

22  50.    Plaintiff refers to and incorporates by such reference the allegations

23  asserted in Paragraphs 1 through 49, inclusive, as though fully set forth herein

24  51.    As a proximate result of Defendants misrepresentations, Plaintiff has been

25  subjected to costs and fees related to the loss of the value of funds and the time taken to counter

26  the negligent false accusations of Defendants and each of them in aggressive collection activities

27  and to avert the negative impact on his credit score which has increased the cost of credit to him,

28  including the cost of a loan to finance his activities, all in an amount according to proof.  He also

has missed important activities, including his medical care for injuries inflicted upon him by BOA and Defendants and each of them to meet with legal researchers and authorities and to make Court appearances.

52.    By engaging in the acts as alleged above, Defendants, and each of them, acted intentionally, maliciously, oppressively, fraudulently, despicably, and in conscious disregard of Plaintiff's rights, thereby justifying an award of punitive damages pursuant to Civil Code Section 3294.

## SIXTH CAUSE OF ACTION

(Civil RICO - Violation of 18 U.S.C. § 1961 et seq. against all Defendants)

53.    Plaintiff refers to and incorporates by such reference the allegations asserted in Paragraphs 1 through 52, inclusive as though fully set forth herein

54.    Beginning in or about June 2006 BOA  GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and their individual employees, knowingly, willfully conspired and agreed among themselves to engage in unwarranted collection activities against Plaintiff although Plaintiff disputed the alleged debt, that then became the subject of aggressive collection activities.  Defendants and their related employees joined the conspiracy in or about 2007.

55. BOA and All Defendants did knowingly conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO *enterprise* through a continuing and established *pattern of racketeering activity*, frequently used by the Defendants and each of them, not only against this Plaintiff but other similarly situated users of the Credit Cards issued by BOA  which included the following:

56.    Did conspire among themselves, directly and indirectly, to disseminate false and misleading information to members of the general public, including Plaintiff, who received such information, respecting credit cards offered to the members of the public by BOA;

57.    Did charge persons, including Plaintiff, who received and used credit cards issued by BOA, unreasonable fees, charges and penalties that were not disclosed to the credit card holders or if disclosed, the disclosures were hidden in the massive amount of printed

FIRST AMENDED COMPLAINT FOR DAMAGES
SACV08-00372 AG (ANx)

matter given credit card holders in such a manner, that it would be difficult if not impossible for them to find. The interest rates and fees charged to Plaintiff and others similarly situated are so onerous and unconscionable, said interest rates and fees exceed those charged by so called **PAYDAY LENDERS,** many of which are owned directly, indirectly and /or financed, represented by or are the same collectors as here, the Defendants and each of them.

58.    Did improperly and without good and legal cause, designed and directed an enterprise to continuously change the interest on credit card accounts when the cardholders had been current in their payments to BOA, to Plaintiff and other BOA credit card holders;

59.    Did conspire among themselves to intimidate, threaten and otherwise force credit card holders, including Plaintiff, to pay money not lawfully due under threat of reporting negative payment history  information about them to credit reporting agencies, filing lawsuits against them and otherwise causing them financial, emotional and permanent  psychological harm.

60.    During the past ten (10) or more calendar years preceding the filing of the original complaint in this matter all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

61.    Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner that they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the RICO law at 18 U.S.C. 1962(c) *supra.*

62.    Specific to the foregoing two paragraphs, Plaintiff has personally been injured, as defined in 1962(c) of the RICO act Chapter 96 of Title 18 of the United States Code, 18 U.S.C. § 1961–1968.) Under Section 1962(b), said injuries consist in having been charged and paid improper and unlawful fees and penalties to BOA; by being reported negatively to various credit reporting agencies when he had done nothing wrong or illegal, for the sole purpose

of obtaining money from him.

63.    Liability attaches to the individual Defendants and corporate Defendants other than BOA under Section 1962(c), in that said Defendants did, at all times mentioned herein, conspire among themselves to violate subsections (a), (b) and/or (c) of said section. Such conspiracy took place at times and places known only to Defendants but may be found through discovery.

64.    Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be *liberally* construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. *Respondent superior* (as explained above).

### Conspiracy to Engage in a *Pattern of Racketeering Activity*:

### 18 U.S.C. §§ 1961(5), 1962(d)

65.    Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates it by reference, as if all were set forth fully herein. Substance prevails over form.

66.    At various times and places, the details of which are known only to Defendants at this time, Defendants did conspire to acquire and maintain an interest in a RICO *enterprise* engaged in a *pattern of racketeering activity*, to wit, Defendant BOA  GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP in violation of 18 U.S.C. §§ 1962(b) and (d).

67.    At various times and places partially known to Plaintiff, Defendants did also conspire to conduct and participate in said RICO *enterprise* through a *pattern of racketeering activity*, in violation of 18 U.S.C. §§ 1962(c) and (d). See also 18 U.S.C. §§ 1961(4), (5) and (9) as more fully alleged hereafter.

68.    During the past ten (10) or more calendar years preceding the date of the filing of Plaintiff's complaint all Defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. 1962(d) as herein detailed.

69.     Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of 18 U.S.C. 1962(d) (Prohibited activities *supra*).

70.     Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be *liberally* construed by this Court.

71.     To carry out the plan, Defendants communicated with Plaintiff both by means of mail, telephone, that He owed the complete debt as alleged by BOA on his Credit Card Accounts with BOA although vigorously disputed by Plaintiff in many letters.  In particular, Defendants BOA   GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP notified Plaintiff through the mails in, 2007 that he was delinquent on specified debts due to BOA.  Defendant GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP contacted Plaintiff seeking payment of the disputed alleged debt for the BOA Credit Card(s) prior to instituting Federal Action.

72.     Further, Plaintiff is informed and believes, and thereon alleges that in or about June 2006, and prior BOA, used the phones and mails to negotiate an assignment of the Credit Card accounts in Plaintiffs name with BOA   GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP in behalf of BOA, for collection notwithstanding the legitimate dispute and the falsities of the amounts claimed due by BOA as well as the corrupt undisclosed calculation thereof the claimed amounts.

73.     Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them-to further ends of the conspiracy-used the mails and telephone lines to effect this series of legal representation assignments of the purported debt among themselves to obscure the debt was a result of fraudulent transactions at BOA    to justify the execution of documents to support demands for ever increasing amounts then claimed due and owing on BOA credit cards of the Plaintiff and to mitigate the necessity for BOA  and others to comply with various State and Federal Laws, including the  State of California Rosenthal Act as well as the FCRA, FDCPA and others in furtherance of the conspiracy.

74.    Defendants BOA  GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and related Defendants invited Plaintiff to use the phone lines and mails to communicate with them about the purported but disputed debt.  He communicated in writing with BOA several times via the mails since June 2006, including but not limited to June 6, 2006, December 4, 2006, June 27, 2006, July 7, 2006,  January 1, 2007. GMA on or about, but not limited to, September 11, 2007, WAP, July 27, 2007, March 10, 2008 AMP, July 27, 2007, March 10, 2008, HANNA, September 11, 2007,  FNCB, March 10, 2008 about the disputed debt repeatedly requesting compliance with the FDCPA, inter alia so the fraudulent billings sent to Plaintiff through the mails each and every month could be examined and analyzed which gives rise to the erroneous fraudulent activities of BOA, the Defendants and each of them.   Defendants BOA   GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP responsive communications to Plaintiff when not completely ignoring written demands of the Plaintiff were never fully complete nor compliant with Plaintiff's requests, and the information and documents provided by each were unreadable, unintelligible, and incomprehensible designed to further vex and frustrate Plaintiff for the sole purpose of furthering the conspiracy.  All of BOA and the Defendant's communications related to acts and objectives of the conspiracy.

75.    Plaintiff is informed and believes, and thereon alleges, that each of the Defendants at various times from June 2006 to the present have used the mails and telephone lines as well as other forms of electronic communication to notify Credit Reporting Agencies that Plaintiff was delinquent, had defaulted and the purported debt had been written off as a bad debt, by BOA notwithstanding the Defendants and each them knew or should have known a legitimate dispute existed with the Plaintiff.   The Defendant's inaction and conspiratorial activities forced Plaintiff to bring this action.   Defendants and each of them furthered the conspiracy by executing documents or causing documents to be executed to conceal the fraudulent acts of one to the other all in a furtherance of the conspiracy to collect illegal funds from the Plaintiff.

76.    Plaintiff is informed and believes, and thereon alleges, that BOA  GMA

FIRST AMENDED COMPLAINT FOR DAMAGES
SACV08-00372 AG (ANx)

1  WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP

2  and each of them, with the assistance of others who are presently unknown, guided the operation

3  of the conspiracy.   At various times in advance of the litigation and to the effect of various

4  assignments of the purported debt represented themselves as the designated collection agent for

5  BOA but have refused and continue to refuse through the current date to provide any

6  documentation of the assignment for collection of the purported and disputed debt nor the

7  method of the calculus of the purported and disputed debt all in furtherance of the conspiracy.

8  Defendants and each of them used the mails and telephone wires in their efforts to obtain from

9  the Plaintiff money by false pretenses and representations all in violation of 18 U.S.C, Sections

10  1341 and 1343.

11          77.     Plaintiff is informed and believes, and thereon alleges, that each of the

12  Defendants at various times from June 2006 to the present have used the mails and telephone

13  lines as well as other forms of electronic communication to notify Credit Reporting Agencies

14  that Plaintiff was delinquent, had defaulted and the purported debt had been written off as a bad

15  debt, by BOA notwithstanding the Defendants and each them knew or should have known a

16  legitimate dispute existed with the Plaintiff.   The Defendant's inaction and conspiratorial

17  activities forced Plaintiff to bring this action.   Defendants and each of them furthered the

18  conspiracy by executing documents or causing documents to be executed to conceal the

19  fraudulent acts of one to the other all in a furtherance of the conspiracy to collect illegal funds

20  from the Plaintiff. Defendants used the mails and telephone wires in their efforts to obtain from

21  Plaintiff money by false pretenses and representations and in violation of 18 U. S. C. Sections

22  1341 and 1343.

23          78.     Plaintiff is informed and believes thereon alleges the established system

24  for the making of decisions in furtherance of the enterprise and conspiracy consisted of personal

25  meetings of the Defendants and each of them outside of the normal business environments and

26  hours of each for the specific purpose of making the necessary decisions to manage and direct

27  the enterprise via groups, spontaneous individual social meetings, gatherings  including but not

28  limited to exercise facilities, golf courses, bowling alleys, bars, cocktail lounges, and dinners,

1   other forms of electronic communication such as emails on personal computers, personal cell

2   phones, as well as invitations to the respective residences or other venues of the Defendants and

3   each of them.

4           79.     Plaintiff is informed and believes thereon alleges that a form of an

5   independent system for distribution of the proceeds from this Plaintiff and others similarly

6   situated would be the providing of various ego centric devices such as self esteem, elevated sense

7   of personal importance, gifted goods and other personal services including but not limited to all

8   expense paid exotic personal junkets to local and far away locations, the use of private and

9   commercial means of transportation, off book personal loans, enhanced, inflated, unquestioned

10   billings, paid rapidly outside the normal course of business as well as a guaranteed continuing

11   book of business from deep pocketed clients  such as BOA  inter alia one to the other Defendant

12   and each of them.

13           80.     Plaintiff is informed and believes and thereon alleges BOA  GMA WAM,

14   WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and other

15   related named Defendants had a continuing interest in the outcome of the aggressive collection

16   efforts of GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT

17   SERVICES, LP and other related Defendants and communicated with and provided directions to

18   GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES,

19   LP on how best to collect the undue contrived debt from Plaintiff. BOA has never truly sold it's

20   financial interest in the unlawful debt claimed to be due them from Plaintiff and as such

21   maintained a pecuniary interest in the successful outcome of the aggressive collections efforts of

22   BOA   GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT

23   SERVICES, LP et al and directed and controlled such efforts all in furtherance of the enterprise

24   and the conspiracy.

25           81.     Plaintiff is informed and believes and thereon alleges that the conspiracy

26   is ongoing, because the collection action Defendants initiated is still pending.  Defendants' acts

27   constituted prohibited activities as described in 18 U.S. C. Section 1962(c) and (d).

28           82.     As a proximate result of the wrongful acts as herein alleged, the Plaintiff

1  has suffered economic injury as a result of the negative reports made about him made by

2  Defendants and each of them to credit reporting agencies. As a result of a lowered credit score,

3  the cost of credit for the Plaintiff has substantially increased if any can now be found. He also

4  has missed important activities, including his medical care for injuries inflicted upon him by

5  BOA and Defendants and each of them to meet with legal researchers and authorities research

6  legalities, prepare pleadings and pursue his constitutional rights of redress for the wrongs,

7  negligently, deliberately inflicted upon him by the Defendants and each of them and to make

8  Court appearances. Plaintiff's injuries are subject to proof at trial.

9      83.    Further, Plaintiff is entitled to treble damages pursuant to 18 U.S.C.

10  Section 1964(C)

11  ### SEVENTH CAUSE OF ACTION FOR FRAUD

12  (Against all Defendants)

13      84.    Plaintiff refers to and incorporates by such reference the allegations

14  asserted in Paragraphs 1 through 83, inclusive, as though fully set forth herein

15      85.    On or about January 1, 1994 (before or thereafter) Plaintiff, at the

16  solicitation of BOA applied for credit cards issued by BOA.

17      86.    Within 30-days of said application, BOA issued credit card to Plaintiff,

18  which card and the account attached thereto, are the subject of this action. Plaintiff is informed

19  and believes and thereon alleges, said contract, and the solicitation therefore, contained language

20  that either, directly or by implication, indicated BOA would follow all applicable laws with

21  respect to Plaintiff's use of the credit card.

22      87.    BOA was, as a matter of law, at all times mentioned herein, under a

23  legally imposed duty of good faith and fair-dealings as to Plaintiff with respect to said credit

24  cards and the use and billings relating thereto.

25      88.    When Plaintiff received the solicitations from BOA and entered into the

26  contract aforesaid, he reasonably believed that BOA would comply with the promises and

27  representations, specific and implied, in said contract and would deal with him fairly and in

28  good-faith and would act in conformity with all applicable laws in dealing with Plaintiff.

FIRST AMENDED COMPLAINT FOR DAMAGES
SACV08-00372 AG (ANx)

89.    Plaintiff is informed and believes and thereon alleges that within 6-months after issuing said cards, BOA commenced, as relating to Plaintiff, a course of conduct that amounted to a breach of the covenant of good-faith and fair-dealing by doing the following:

(a)    Charging excessive fees and/or penalties to Plaintiff when they were not due and/or authorized by law or said contract;

(b)    Engaging in "creative bookkeeping" whereby debits and credits were posted in a form, time and manner calculated to increase Plaintiff's bill;

(c)    Adding terms to the contract without proper and/or adequate notice to Plaintiff by, in some cases, inserting the changes in other material sent to Plaintiff in such a way that it would easily be overlooked and in language not reasonably understandable.

(d)    The contract provided for universal default (regardless of how defined or implemented) without proper and/or adequate notice to Plaintiff by, inserting the reasons for implementation of extraordinary changes in interest to be charged (AKA penalty) in material sent to Plaintiff in such a way that it would easily be overlooked and in language not reasonably understandable.

(e)    BOA extended lines of credit to be used as needed by Plaintiff without disclosing to Plaintiff that frequent use of the line of credit beyond a certain unilaterally decided percentage would subject Plaintiff to penalty rate of interest and failed to disclose such potential, or in the alternative said potential was disclosed it was camouflaged with material sent to Plaintiff in such a way that it would easily be overlooked and in language not reasonably understandable, even unintelligible and incomprehensible.

(f)    BOA used the mails and telephone lines to prepare monthly statements that purportedly displayed accurately, (this is now

FIRST AMENDED COMPLAINT FOR DAMAGES
SACV08-00372 AG (ANx)

known to be false by specific design and plan) the principal amount of the debt owed, the amount of the interest being charged, the APR of the interest, the combined total for the billing period, the minimum monthly payment required and ostensibly the total dollar amount required to pay the entire balance then shown as payoff balance due.

(g)    Each of the statements mailed by BOA to the Plaintiff over the past 10 or more years were knowingly inaccurate, not truthful, blatantly false, wanton, deliberate, negligent misrepresentations of the true amounts involved in each category enumerated above and others from Plaintiff at the specific direction of BOA to collect funds not legally due; all in furtherance of the continuing goals of the enterprise and the conspiracy.

90.    The above course of conduct as alleged is part of a larger plan, scheme and design to cheat and defraud Plaintiff and others similarly situated of money, and such plan, scheme and design was in place with BOA  GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and other related named Defendants at the time it solicited Plaintiff to apply for a credit card and when it in fact issued one or more to Plaintiff.

91.    Had Plaintiff known the true facts and intent of BOA and other related named Defendants et al to act in breach of its duty of good faith and fair dealing, he would not have applied for, received and used said credit card.

92.    Plaintiff is informed and believes and thereon alleges that the aforementioned plan, scheme and design to defraud has been used by BOA and Defendants and each of them for several years prior to its dealings with Plaintiff and against thousands if not millions of American credit card holders who use BOA credit cards.

93.    As a direct result of the conduct of BOA and Defendants as set out above and below, Plaintiff has been monetarily damaged in an amount not yet fully ascertained but

FIRST AMENDED COMPLAINT FOR DAMAGES
SACV08-00372 AG (ANx)

1  which Plaintiff believes to be in excess of Five Million dollars ($5,000,000.00) or more.

2  **EIGHTH CAUSE OF ACTION**

3  (Unfair Competition Pursuant to Business & Professions Code

4  Section 17200 et seq. Against All Defendants)

5  94.   Plaintiff refers to and incorporates by such reference the allegations

6  asserted in Paragraphs 1 through 93, inclusive, as though fully set forth herein

7  95.   Defendants, and each of them, have engaged in conduct, as described

8  above, constituting acts of unfair competition as defined in Business & Professionals Code

9  Section 17200, including collection activities against Plaintiff for a debt he did not owe and

10  which Defendants knew or should have known Plaintiff did not owe.  Furthermore, Defendants

11  have abused the process of law by using the judicial process to attempt to collect money from

12  Plaintiff that was not owed and for which Defendants had no legitimate claim.

13  96.   Defendants have committed an illegal practice by using collection

14  activities that are prohibited by the Fair Debt Collection Practices Acts at California Civil Code

15  Section 1788 et seq. and 15 U.S.C. Section 1692 et seq.   Furthermore, Defendants have

16  committed an illegal practice by engaging in a civil conspiracy in violation of the Racketeer

17  Influenced and Corrupt Organization statute, 18 U.S.C. Section 1961 et seq.

18  97.   Defendants have committed a fraudulent act by making misrepresentations

19  on which Plaintiff relied to his damage.

20  98.   As a direct, proximate and foreseeable result of Defendants' wrongful

21  conduct, Plaintiff has suffered economic injury.   Plaintiff is entitled to disgorgement of all

22  revenues, earnings, profits, compensation, and benefits obtained by Defendants as a result of

23  their unfair, unlawful, and fraudulent business acts and practices.

24  **NINTH CAUSE OF ACTION**

25  (Intentional Infliction of Emotional Distress Against All Defendants)

26  99.   Plaintiff refers to and incorporates by such reference the allegations

27  contained in Paragraphs 1 through **80**, inclusive, as though fully set forth **herein**

28  100.   BOA has a flaw in the way it conducted business so that an account that

FIRST AMENDED COMPLAINT FOR DAMAGES
SACV08-00372 AG (ANx)

1   has been open for a substantial period, and paid monthly better than agreed by a BOA cardholder

2   who in good faith question charges incurred on it would be more responsive to a consumers

3   concerns.   Unlike legitimate credit accounts, this complete unwillingness to provide the

4   reasonably requested documentation should have raised suspicions about the legitimacy of the

5   purported debt to GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL

6   MANAGEMENT SERVICES, LP and other related named Defendants.   Nevertheless,

7   Defendants did not investigate the oddities of this account and instead instituted aggressive,

8   unwarranted collections practices including but not limited to litigation for its own economic

9   benefit.   BOA   GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL

10   MANAGEMENT SERVICES, LP and other related named Defendants, et al had the ability to

11   investigate and uncover the fraudulent nature but continues to refuse to do so.

12       101.   BOA  GMA WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL

13   MANAGEMENT SERVICES, LP and other related named Defendants became aware of the

14   legitimate dispute that existed not later than June 2006 of the purported debt in the course of

15   trying to collect on it and no later than mid to later than January 2007.  Instead of ceasing its

16   collection activities when it realized it could not prove the debt, BOA  GMA WAM, WAP AMP,

17   FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and other related

18   named Defendants instead caused to be created negative credit payment history with the credit

19   bureaus.

20       102.   Plaintiff communicated with BOA   GMA WAM, WAP AMP, FNCB,

21   INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and other related named

22   Defendants in or after the period of June 2006  that he disputed the totality of the debt of the

23   BOA account in Plaintiffs name.  The Defendants had the obligation and ability at that time to

24   investigate and confirm the amount of the debt.  Even a cursory examination would have

25   revealed the suspicious lack of documentation in support of the debt, and this examination

26   should have been undertaken by December 2006.  Nevertheless, these Defendants did not cease

27   their collection efforts and subsequently for their own financial gain instituted unwarranted,

28   unnecessary litigation splitting the litigation into multiple limited actions to remain below the

1  limitations of that jurisdiction knowing full well that it would receive more favorable treatment

2  in said jurisdiction and that it would further the RICO enterprise and the conspiracy.

3          103.   On or about June 2007 and thereafter with the knowledge the records

4  provided them by BOA as well as prior knowledge from being the law firm and lawyers, debt

5  collectors, debt purchaser of choice of BOA for collections BOA  GMA WAM, WAP AMP,

6  FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP and other related

7  named Defendants were placed on notice then that the documentation in support of the debt was

8  not valid, and it had an opportunity to investigate the bona fides of the debt at that time.  Instead,

9  it undertook aggressive collection activities on a questionable debt.  Furthermore BOA  GMA

10  WAM, WAP AMP, FNCB, INC, HANNA and CAPITAL MANAGEMENT SERVICES, LP

11  and other related named Defendants profited greatly by fees charged to BOA which in part were

12  distributed among the Defendants in accord with employment agreements by bringing the state

13  court actions hereinabove referenced.

14          104.   Defendants' ongoing efforts to collect from Plaintiff on a debt they knew

15  or should have known was not due resulted in a significant financial and emotional burden on

16  Plaintiff from Defendants' faulty and careless business practices.  Defendants conduct was

17  willfully, wantonly and intentionally undertaken and was designed to coerce, confuse, and create

18  great mental stress on Plaintiff so that he would give them money to which they were not

19  entitled. Defendants, and each of them, knew Plaintiff was unsophisticated, had limited financial

20  resources, and could not afford to retain counsel to advise and represent him.

21          105.   As a proximate consequence of the Defendants' intentional infliction of

22  emotional distress on Plaintiff, Plaintiff has suffered great worry, humiliation, embarrassment,

23  loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain,

24  anguish, and fright.

25          106.   By reason of the acts alleged above, Plaintiff was required to miss time

26  from important activities to attend to his finances, to appear in Court, to deal and to confer with

27  Legal Researchers and authorities.  During those times, Plaintiff was unable to attend to his usual

28  activities when he works at his profession, including but not limited to his mental and physical

1  health and well-being.

2      107.    The acts of Defendants as alleged above were willful, wanton, malicious,

3  and oppressive, and justify an award of punitive damages pursuant to Civil Code Section 3294.

4                        **TENTH CAUSE OF ACTION**

5              **CAUSE OF ACTION FOR BREACH OF CONTRACT**

6      108.    Plaintiff repeats and re-pleads Paragraphs 1 THROUGH 107 OF HIS

7  CAUSE OF ACTION FOR FRAUD AS THOUGH SET OUT VERBATIM AT THIS POINT.

8      109.    After entering into said contract, BOA further breached said contract,

9  including the implied covenant of good-faith and fair-dealing, by falsely reporting Plaintiff to

10  credit and collection agencies alleging he defaulted in payments due.  The fact was, Plaintiff

11  refused to pay money that was not due.

12      110.    The breaches alleged were a continuing course of conduct on the part of

13  BOA and as such, the breaches continue to this date including in part, the improper sending of

14  Plaintiff's account for collection, advising the persons that Plaintiff has not paid a legitimate bill

15  and causing Plaintiff to defend himself from the false charges of non-payment of his bills from

16  BOA.

17                        **PRAYER**

18      WHEREFORE, Plaintiff prays for judgment against Defendants, and each of

19  them, as follows:

20      As to the First Cause of Action

21      1.    For general damages according to proof;

22      2.    For statutory damages;

23      3.    For punitive damages; and

24      4.    For attorney's fees.

25      As to the Second Cause of Action

26      1.    For general damages according to proof;

27      2.    For Statutory damages; and

28      3.    For attorney's fees.

FIRST AMENDED COMPLAINT FOR DAMAGES
SACV08-00372 AG (ANx)

## As to the Third Cause of Action

    1.    For general damages according to proof; and

    2.    For punitive damages.

## As to the Fourth Cause of Action

    1.    For general damages according to proof; and

    2.    For punitive damages.

## As to the Fifth Cause of Action

    1.    For general damages according to proof

## As to the Sixth Cause of Action

    1.    For general damages according to proof;

    2.    For treble damages; and

    3.    For attorney's fees.

## As to the Seventh Cause of Action

    1.    For disgorgement of all revenues, earnings, profits, compensation, and benefits obtained by Defendants as a result of their unfair, unlawful, and fraudulent business acts and practices.

## As to the Eighth Cause of Action

    1.    For Economic damages according to proof;

    2.    For mental suffering according to proof;

    3.    For punitive damages; and

    4.    For attorney's fees.

## As to the Ninth Cause of Action

    1.    For Economic damages according to proof;

    2.    For mental suffering according to proof;

    3.    For punitive damages; and

    4.    For attorney's fees.

## As to the Tenth Cause of Action

    1.    For Economic damages according to proof;

1 <u>As to the All Causes of Action</u>

2        1.    For costs of suit incurred herein; and

3        2.    For such **other** and Furthermore relief as the Court deems just and proper.

4 DATED: Sept 8, 2008.

5

6                                  By:

7                                      ROBERT TOWNSEND, Pro Per

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE BY MAIL

**STATE OF CALIFORNIA, COUNTY OF ORANGE**


    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 32545 "B" Golden Lantern, Dana Point, Ca 92629


    On Sept 8, 2008, I served the foregoing document described as CLERKS ENTRY OF DEFAULT

On all interested parties in this action by:

    _X___    placing _X the original__X_a true copy thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

Timothy P. Johnson, Esq.
Law Offices of Timothy P. Johnson
17821 E. 17th Street
Tustin, Ca 92780
Attorneys for
WORLWIDE ASSET MANAGEMENT
ASSET MANAGEMENT PROFESSIONALS, LLC
GERALD MOORE & ASSSOCIATES
WEST ASSET MANAGEMENT, INC.
FREDERICK J. HANNA & ASSOCIATES, P.C.

Stephen M. MacPhail, Esq
Bragg & Kuluva
555 South Flower Street, Suite 600
Los Angeles, Ca 90071
FIRST NATIONAL COLLECTION

**Reed Smith** LLP
355 South Grand Avenue  Suite 2900
Los Angeles, CA 90071
Attorneys for
BANK OF AMERICA

    _X____**BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U. S. Postal Service on the same day with postage thereon fully prepaid at Tustin, California, in the ordinary course of business. I am aware that on motion of the party served, service *is* presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

LA/632899v1

1       **BY PERSONAL SERVICE:** I caused such envelope to be delivered
by hand to the offices of the addressee.

2

3       **BY FACSIMILE TRANSMISSION:** From Fax No. 949-495-0580 to the
facsimile numbers listed on the attached mailing list. The facsimile
4  machine I used complied with Rule 2003(3), and the machine reported no
error.

5

6       **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an
envelope or package provided by the overnight service carrier and
7  addressed to the persons at the addresses listed in the Service List.
I placed the envelope or package for collection and overnight delivery
8  at an office or regularly utilized drop box of the overnight service
9  carrier or delivered such document(s) to a courier or driver
authorized by the overnight service carrier to receive documents.

10

11      I declare that I am employed in the office of a member of the
Bar of this Court, at whose direction the service was made.

12

13  EXECUTED on Sept 8, 2008, at Dana Point, Ca 92629

14

15                    (Michael Lee)

16

17

18

19

20

21

22

23

24

25

26

27

28

LA/632899v1